IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lunette Roland-Davis, | ) | C/A No. 3:12-2227-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Remington College, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Lunette Roland-Davis ("Roland-Davis"), filed this employment case against her former employer, Remington College ("Remington"). In her Complaint, Roland-Davis asserts claims against the defendant for violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss and compel arbitration (ECF No. 5), to which Roland-Davis filed a response in opposition (ECF No. 6) and the defendant replied (ECF No. 7).

**DISCUSSION**

**A.     Arbitration Generally**

A litigant can compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., if the litigant can demonstrate: " '(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute.' " Am. Gen.

Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002)).  The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The policy behind the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991).  Thus, courts are to afford a "healthy regard" for the federal policy favoring arbitration, id. at 26, and arbitration agreements are to be "rigorously enforced," Perry v. Thomas, 482 U.S. 483, 490 (1987).  Doubts regarding the scope of issues covered by an arbitration agreement must be resolved in favor of arbitration.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).  The United States Supreme Court has specifically held that the FAA and the policies behind it apply in the employment context.  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001).

When a question of arbitrability arises, the district court, not the arbitrator, decides whether a matter should be resolved through arbitration.  See Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S. Ct. 2847, 2859 (2010); AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 651 (1986).  This determination, however, is limited to a two-step inquiry: (1) whether a valid arbitration agreement exists; and (2) whether the specific dispute falls within the substantive scope of the arbitration agreement.  See Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999).  Arbitration is compelled "unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989) (quoting United

Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)). If all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is appropriate. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).

**B.     Validity of Arbitration Agreement**

Whether a valid arbitration agreement exists is a question of state contract law. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Here, Remington has presented a copy of an employment application signed by Roland-Davis containing the following term, in pertinent part:

> ANY STATUTORY OR NON-STATUTORY CLAIMS ARISING OUT OF OR IN CONNECTION WITH ANY ASPECT OF MY EMPLOYMENT OR ANY TERMINATION THEREOF (INCLUDING BY WAY OF EXAMPLE BUT NOT LIMITATION, DISPUTES CONCERNING ALLEGED CIVIL RIGHTS VIOLATIONS, EMPLOYMENT DISCRIMINATION OF ANY KIND INCLUDING ON THE BASIS OF ANY PROTECTED CATEGORY UNDER FEDERAL OR STATE LAW, RETALIATION, WRONGFUL DISCHARGE, ENTITLEMENT TO OVERTIME PAY, SEXUAL HARASSMENT, OR BREACH OF EXPRESSED OR IMPLIED CONTRACT OR TORT) SHALL BE EXCLUSIVELY SUBJECT TO BINDING ARBITRATION . . . .

(ECF No. 5-2 at 7.) Over a year into her employment, Roland-Davis was e-mailed a copy of the Employee Handbook, and the next day was presented with a form asking that she acknowledge the policies contained within the handbook. The form provided that it needed to be signed and returned within seven days of receiving the handbook. Roland-Davis argues that the arbitration agreement is invalid and unenforceable because there was no meeting of the minds and she was unaware of the implications of the arbitration agreement. Although Roland-Davis asserts that she had no knowledge of what arbitration agreements entailed, did not have the agreement explained to her, and did not have counsel present when she signed the agreement, such arguments are insufficient to avoid a binding arbitration agreement. Munoz v. Green Tree Fin. Corp., 542 S.E.2d 360, 365 (2001) ("[A]



person who can read is bound to read an agreement before signing it."); Regions Bank v. Schmauch, 582 S.E.2d 432, 440 (S.C. Ct. App. 2003) ("A person signing a document is responsible for reading the document and making sure of its contents. Every contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it."). The employment application signed by Roland-Davis gives clear evidence of an offer and acceptance supported by a consideration; for this reason, the arbitration agreement is valid and enforceable.

Roland-Davis also argues that the policies outlined in the employment contract are invalid and unenforceable, because the employee handbook does not purport to represent a binding contract, and that the contract is illusory because the defendant reserves the right to amend the policies outlined in the employee handbook. However, the policies outlined in the employee handbook are irrelevant, because plaintiff had already signed a binding arbitration agreement in her employment application form prior to her employment. Therefore, arguments about the employee handbook do not need to be considered.

**C.    Unconscionability**

Roland-Davis argues that the arbitration agreement is unconscionable because she was not informed of the contents of the agreement before she signed it, the agreement was presented along with other documents, the agreement was offered on a "take it or leave it" basis, and because the policy favors the defendant. First, "the law does not impose a duty to explain a document's contents to an individual when the individual can learn the contents from simply reading the document." Towles v. United HealthCare Corp., 524 S.E.2d 839, 845 (S.C. Ct. App. 1999). Second, an agreement being made on a "take it or leave it" basis does not make a contract *per se* unenforceable. Munoz, 542 S.E.2d at 365 ("Under state law, an adhesion contract is not per se unconscionable.")



(citing Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc., 472 S.E.2d 242 (S.C. 1996)). Lastly, the defendant's policy does not appear to favor the defendant. The agreement provides that the arbitration shall be under the rules of the American Arbitration Association ("AAA"). The AAA's rules provide the employee with "ALL SUBSTANTIVE RIGHTS AND REMEDIES, INCLUDING ANY APPLICABLE DAMAGES PROVIDED UNDER PERTINENT STATUTE(S) RELATED TO SUCH CLAIMS, THE RIGHT TO REPRESENTATION BY COUNSEL, A NEUTRAL ARBITRATOR, A REASONABLE OPPORTUNITY FOR DISCOVERY, A FAIR ARBITRAL HEARING, A WRITTEN ARBITRAL AWARD CONTAINING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, AND ANY OTHER PROVISIONS REQUIRED BY LAW . . . ." (ECF No. 5-2 at 7.) The AAA's rules ensure that the plaintiff's rights are protected, so it cannot be said to be unfair to Roland-Davis. Finally, while Roland-Davis also raises issues related to the ADR policies listed in the employee handbook, as stated above, she has not shown how the handbook's contents affect the validity of the arbitration agreement in her application.

**D.     Scope of the Arbitration Agreement**

With the validity of the arbitration agreement established, the next question is whether the dispute is within the scope of the arbitration agreement. Neither party appears to dispute that Roland-Davis's claim alleging employment discrimination is covered by the arbitration agreement. Indeed, the agreement clearly states that "alleged civil rights violations" and "employment discrimination of any kind" are within its scope. Therefore, the court finds that the plaintiff's claim is within the scope of the arbitration agreement.

## RECOMMENDATION

The record shows that Roland-Davis's claims against Remington are covered by a valid arbitration agreement. Those claims must therefore be dismissed. <u>Choice Hotels Int'l, Inc.</u>, 252 F.3d at 709-10. Accordingly, the court recommends that Remington's motion to compel arbitration and to dismiss Roland-Davis's Complaint (ECF No. 5) be granted.

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 9, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).