IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lunette Roland-Davis, ) | |
| ) | C/A No. 3:12-2227-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Remington College, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Lunette Roland-Davis formerly was employed by Defendant Remington College[1] as a medical assistant instructor. Plaintiff brought this action on October 9, 2012, alleging that she was terminated because of her race (white) in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff seeks actual and punitive damages as well as reasonable attorneys' fees. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

This matter came before the court on motion to dismiss and compel arbitration filed by Defendant on September 19, 2013. Plaintiff filed a memorandum in opposition to Defendant's motion on October 9, 2012, to which Defendant filed a reply on October 19, 2012. On July 10, 2013, the Magistrate Judge issued a Report and Recommendation in which she noted that Plaintiff executed a Employment Application that provides, in part:

> 8.     ANY STATUTORY OR NON-STATUTORY CLAIMS ARISING OUT OF
> OR IN CONNECTION WITH ANY ASPECT OF MY EMPLOYMENT OR ANY
> TERMINATION THEREOF (INCLUDING BY WAY OF EXAMPLE BUT NOT
> LIMITATION, DISPUTES CONCERNING ALLEGED CIVIL RIGHTS

---

[1] Defendant states that Plaintiff was employed by Remington College Mobile Campus, Inc. d/b/a Remington College–Columbia Campus at all times relevant to the allegations contained in her complaint. Defendant states that "Remington College" does not exist for purposes of this action.

> VIOLATIONS, EMPLOYMENT DISCRIMINATION OF ANY KIND INCLUDING ON THE BASIS OF ANY PROTECTED CATEGORY UNDER FEDERAL OR STATE LAW, RETALIATION, WRONGFUL DISCHARGE, ENTITLEMENT TO OVERTIME PAY, SEXUAL HARRASMENT *[sic]*, OR BREACH OF EXPRESSED OR IMPLIED CONTRACT OR TORT), SHALL BE EXCLUSIVELY SUBJECT TO BINDING ARBITRATION UNDER THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA"), PROVIDED ALL SUBSTANTIVE RIGHTS AND REMEDIES INCLUDING ANY APPLICABLE DAMAGES PROVIDED UNDER PERTINENT STATUE(S) RELATED TO SUCH CLAIMS, THE RIGHT TO REPRESENTATION BY COUNSEL, A NEUTRAL ARBITRATOR, A REASONABLE OPPORTUNITY FOR DISCOVERY, A FAIR ARBITRAL HEARING, A WRITTEN ARBITRAL AWARD CONTAINING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND ANY OTHER PROVISION REQUIRED BY LAW, SHALL BE AVAILABLE IN THE AAA FORUM. ANY DECISION OF THE ARBITRATOR SHALL BE FINAL AND BINDING AS TO BOTH PARTIES, AND ENFORCEABLE BY ANY COURT OF COMPETENT JURISDICTION. NOTHING CONTAINED HEREIN SHALL PROHIBIT ME FROM FILING ANY CLAIM OR CHARGES WITH ANY APPROPRIATE GOVERNMENT AGENCY. I UNDERSTAND THAT MY AGREEMENT HEREIN CONSTITUTES A WAIVER OF MY RIGHT TO ADJUDICATE CLAIMS AGAINST THE COMPANY IN COURT, AND THAT I AM OPTING INSTEAD TO ARBITRATE ANY SUCH CLAIMS.

Employment Application, ECF No. 5-2.

The Magistrate Judge also determined that (1) the arbitration provision was discernable simply by reading the Employment Application; (2) the Employment Application, even if deemed to be a contract of adhesion, was not per se unenforceable; and (3) the arbitration provision did not favor Defendant. Thus, the Magistrate Judge found the arbitration provision to be valid and enforceable and, contrary to Plaintiff's contention, not unconscionable.[2] The Magistrate Judge further found that the claims raised by Plaintiff in the complaint fall within the scope of the arbitration

---

[2] Plaintiff also argued the unenforceability of certain arbitration policies set forth in an employee handbook she executed over a year after she was employed. The Magistrate Judge properly found Plaintiff's arguments regarding arbitration policies contained in the employee handbook to be irrelevant because Plaintiff already was bound by the arbitration provision in the Employment Application.

provision. Accordingly, the Magistrate Judge recommended that Defendant's motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on July 29, 2013. Defendant filed a response to Plaintiff's objections on August 15, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

I. DISCUSSION

As the Magistrate Judge properly observed, he Federal Arbitration Act (FAA) provides that any written provision in a contract involving commerce to settle by arbitration a controversy thereafter arising out of such contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "As a result of this federal policy favoring arbitration, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Patten Grading & Paving, Inc. v. Skanska USA Building, Inc., 380 F.3d 200 (4th Cir. 2004) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. 1, 24-25 (1983)). A party can compel arbitration under the FAA if it can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the

3

failure, neglect or refusal of the other party to arbitrate the dispute. Hyder v. Inova Diagnostics, Inc., 2013 WL 3036488, *2 (W.D.N.C. June 17, 2013) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500–01 (4th Cir. 2002)).  The validity of an agreement to arbitrate is a question of state law governing contract formation. Id. at *3 (citing cases).

A.    Validity of the Arbitration Provision

Plaintiff disputes in her response to the motion to dismiss and in her objections to the Report and Recommendation the creation of a binding arbitration agreement. According to Plaintiff, there was no "meeting of the minds" as to arbitration because she was not aware of the implications of the arbitration clause and she was not afforded time to ascertain such an awareness. Plaintiff contends that she cannot be required to submit to arbitration any dispute which she has not agreed to arbitrate, and that the Magistrate Judge erred in finding the arbitration provision to be valid and enforceable. The court disagrees.

In Towles v. United HealthCare Corp., 524 S.E.2d 839, 844-46 (S.C. Ct. App. 1999), the South Carolina Court of Appeals held that a unilateral requirement of arbitration relating to disputes arising out of an employment relationship, when acknowledged by the employee, forms a binding contract to arbitrate employment disputes. In this case, the arbitration provision set out in full hereinabove was contained in Plaintiff's Employment Application almost directly above the signature line.[3]  By executing the Employment Application and accepting employment with Defendant, Plaintiff became bound by the arbitration provision. See Towles, 524 S.E.2d at 845-46. It was Plaintiff's duty to read and understand the arbitration prior to executing the Employment

---

[3] One sentence regarding severability of the provisions of the Employment Application constitutes Paragraph 9.

Application. A person signing a document is responsible for reading the document and making sure of its contents. Wachovia Bank v. Blackburn, 716 S.E.2d 454, 458 (S.C. Ct. App. 2011) (quoting Regions Bank v. Schmauch, 682 S.E.2d 432, 440 (S.C. Ct. App. 2003)). Plaintiff's objection is without merit.

B.     Unconscionability of Arbitration Provision

Plaintiff contends that the Magistrate Judge erred in finding the arbitration agreement to not be unconscionable and unenforceable. In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them. Simpson v. MSA of Myrtle Beach, Inc., 644 S.E.2d 663, 668 (S.C. 2007). Relying on Simpson, Plaintiff asserts that the arbitration provision is unconscionable because she was required to "take it or leave it" with respect to the Employment Application. Plaintiff further contends that, like the plaintiff in Simpson, (1) she did not have sufficient business judgment to be aware of the implication of the agreement; (2) she did not have a lawyer present to provide assistance; (3) the contract was hastily presented to her for her signature; and (4) the arbitration clause was inconspicuous in light of its consequences.

In Simpson, the supreme court reviewed, "with 'considerable skepticism'" a contract between a consumer and an automobile retailer. Id. The supreme court observed that, "regardless of the general legal presumptions that a party to a contract has read and understood the contract's terms," id., the arbitration clause at issue

> required [the plaintiff] to forego certain remedies that were otherwise provided by statute. While certain phrases within other provisions of the additional terms and conditions were printed in all capital letters, the arbitration clause in its entirety was

5

>written in the standard small print, and embedded in paragraph ten (10) or sixteen (16) total paragraphs included on the page. Although this Court acknowledges that parties are always free to contract away their rights, we cannot, under the circumstances, ignore the inconspicuous nature of a provision, which was drafted by the superior party, and which functioned to contract away certain significant rights and remedies otherwise available to [the plaintiff] by law.

Id.

In addition, the supreme court found a provision in the arbitration clause "prohibiting double and treble damages to be oppressive, one-sided, and not geared toward achieving an unbiased decision by a neutral decision-maker." Id. at 671. The Simpson plaintiff was entitled to seek such damages under the South Carolina Unfair Trade Practices Act (treble damages for violation of the statute) and the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act (double damages for violation of the statute). In short, the supreme court found the arbitration clause prevented the Simpson plaintiff from receiving meaningful relief in violation of statutory law and in contravention of the public interest. See also Smith v. D.R. Horton, Inc., 742 S.E.2d 37 (S.C. Ct. App. 2013) (holding that provision attempting to waive legal remedies and disclaiming contractor's liability for any money damages was unconscionable). The court finds Simpson to be distinguishable.

Regarding the alleged "take it or leave it" nature of the Employment Application, the court notes that, under South Carolina law, a standard form contract offered on a take-it or leave-it basis with terms that are not negotiable is known as an adhesion contract. See Munoz v. Green Tree Fin. Corp., 542 S.E.2d 360, 365 (S.C. 2001). An adhesion contract is not per se unconscionable. Id. As noted hereinabove, the adhesion contract must contain terms that are one-sided and oppressive as against the party accepting the adhesion contract. The Magistrate Judge found that the arbitration

provision in the Employment Agreement did not favor Defendant and ensured that Plaintiff's rights were protected.  Moreover, the arbitration provision was clearly identified and conspicuous.  The court discerns none of the overbearing conduct apparent in Simpson.  Plaintiff's objection is without merit.

### III.  CONCLUSION

The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss and compel arbitration (ECF No. 5) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 29, 2013.